# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MICHAEL ROWE,<br><br>        Plaintiff,<br><br>vs.<br><br>NEVADA STATE BOARD OF DENTAL EXAMINERS, et al.,<br><br>        Defendant. | Case No. 2:22-cv-01107-CDS-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 5) |

Pro se plaintiff Michael Rowe filed a new application to proceed in forma pauperis (IFP) and complaint. ECF Nos. 5. I deny Rowe's IFP application.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

I previously denied plaintiff's IFP application without prejudice because, "he left most of it blank" and "did not sign the affidavit in support under penalty of perjury." ECF No. 4. I also noted that he has always paid his filing fee in the past in this court and that his frequent litigation that ends in

2

dismissal is boarding on vexatious. *Id.* (listing cases). I also found that plaintiff's stated reason for not being able to pay the costs of the proceedings, "I keep paying fees and getting no place!" indicated that he was seeking IFP status because, "he did not like the outcome of past litigation—this is not a reason to proceed in forma pauperis." *Id.* I also noted that I doubted that he qualified for IFP status since he stated that he made about $5,000 per month in his IFP application, but I gave him the benefit of the doubt and allowed him to file an updated application.

I have now reviewed plaintiff's updated IFP application. ECF No. 5. He signed the application under penalty of perjury and affirmed that he makes about $5,000 per month. ECF No. 5 at 1. He declared that he has about $6,800 in savings and has about $1,390 in monthly expenses. *Id.* at 2 and 5. He declares, under penalty of perjury, that he has no assets other than a car that he says is worth $6,000. *Id.* at 3. I take judicial notice of the fact that a public records search shows that plaintiff owns a condominium (which matches the address he lists on the docket). On the IFP application, plaintiff indicates that he does not own a home on the asset sheet and on the expense sheet, as he left those boxes blank. *Id.* at 3 and 4. Even if I give plaintiff the benefit of the doubt here regarding his home ownership, in my previous order, I instructed plaintiff that he could not leave any boxes blank. ECF No. 4. He did not follow my order. I find that plaintiff's IFP application is evasive, incomplete, and indicates that he is concealing assets.

In plaintiff's IFP application, in response to question 11, which asks why he cannot afford to pay the filing fee, plaintiff states that he has debts because "numerous lawyers st[ole] over $30k from me in fraudulent legal fees" and that he is, "better off spending my money on a dryer, repairing my car, or trying to pay my father back. At this point it is the principle. It is not my problem the FBI and DOJ is corrupted here." ECF No. 5 at 6. Plaintiffs statement under penalty of perjury shows that he is motivated by reluctance to pay the filing fee rather than inability. I deny plaintiff's IFP application.

ACCORDINGLY,

I ORDER that plaintiff Rowe's application to proceed in forma pauperis (ECF No. 5) is DENIED.

I FURTHER ORDER that plaintiff has until Wednesday, August 31, 2022, to pay the filing fee. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 17th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE